**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIARE LAMAR BROWN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2:26-cv-1543 |
| PENNSYLVANIA DEP'T OF CORRECTION, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Before the Court is a Motion for a Temporary Restraining Order (Docket No. 22) ("TRO Motion" or "Motion") filed on November 9, 2026, by pro se Plaintiff Niare Lamar Brown. This Motion is very similar to Plaintiff's prior motion for a Temporary Restraining Order ("TRO") / Injunctive Relief, filed on October 16, 2026, where Plaintiff sought to bar Defendants from placing him into restricted housing, and sought to be moved to the "Mental Health Unit" at Camp Hill. ( Docket No. 22 at 1).[1] The above-captioned case is assigned to the Honorable Patricia L. Dodge, the previous motion was ruled on by the Honorable Robert J. Colville, the then-assigned miscellaneous duty judge, and the TRO Motion presently at issue has been referred to the undersigned as the currently assigned miscellaneous duty judge. The Court rules on the Motion

[1] Plaintiff's new TRO Motion seemingly claims that he is diagnosed with a disorder and that the Pennsylvania Department of Corrections ("PA DOC" or "DOC") has a "retaliatory motive" that resulted in his present housing placement. (Docket No. 22 at 1). However, to substantiate those claims, Plaintiff's Motion only includes a second page, signed indistinguishably by a third party and titled "Affidavit of Truth," which says that Plaintiff got "burnt for showers, trays, yard, Law Libry [sic]," that he had "none of his property to meet Legal Deadlines," and that "Psych refused to examine him." (Docket No. 22 at 2). This second page is likely meant to contest the contentions in the fourth page of the document, which is a DOC misconduct report from Officer Knaub, dated on October 14, 2026. (Docket No. 22 at 4). The DOC's misconduct report attests to Plaintiff's non-compliance with several orders to lock inside his L-BI-1 cell, resulting in Plaintiff's placement in higher security housing. (*Id.*). Because the attached affidavit cannot be verified, it cannot be used to dispute the veracity of the DOC's misconduct report.

and makes no ruling or commentary respecting the merits of the Complaint or whether this matter should proceed.

Judge Colville's Memorandum Order (Docket No. 21), issued on October 22, 2026, addressed the four-factor test used to satisfy the requirements for issuing a TRO, which is the same test used to satisfy the requirements for issuing a preliminary injunction, *Saluck v. Rosner*, C.A. No. 98-5718, 2003 WL 559395, at *2 (E.D. Pa. Feb. 25, 2003):

> To obtain an injunction, the plaintiffs had to demonstrate (1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest.

*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013) (quoting *Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 157 (3d Cir. 2002)). Judge Colville noted in his earlier order that "[p]reliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances'" when immediate and irreparable harm would otherwise occur. *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co.v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). *See also Cont'l Group Inc. v. Amoco Chem. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980). "[O]ne of the goals of the preliminary injunction analysis is to maintain the status quo, defined as the last, peaceable, noncontested status of the parties." *Kos Pharms.*, 369 F.3d at 708 (quoting *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 197 (3d Cir. 1990)).

Issuing a TRO without notice to an opposing party requires an even higher burden under Federal Rule of Civil Procedure 65:

(1) Issuing Without Notice. The court may issue a temporary restraining order

without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Because Plaintiff is proceeding pro se in this matter, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Further, pro se litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

Plaintiff's second TRO Motion continues to seek emergency relief without providing any indication that the opposing parties have received notice. The Motion does not set forth or certify in writing any efforts Plaintiff has undertaken to give notice to the opposing parties of his requests for relief. On this basis alone, like Plaintiff's prior TRO Motion, this Motion should be denied under Rule 65(b)(1)(B). *See Scott v. Fam. Dollar Stores*, No. 2:20-CV-00773, 2020 WL 7296780, at *4 (W.D. Pa. Dec. 11, 2020) ("Finally, the Court notes that Ms. Scott's application

for a TRO does not indicate any efforts that have been made by her to give notice to Defendants or proffered reasons as to why Ms. Scott should not be required to do so pursuant to Federal Rule of Civil Procedure 65(b)(1). Failure to comply with the requirements of Federal Rule of Civil Procedure 65 is grounds alone to deny Ms. Scott's TRO request."). Nor does the second page of Plaintiff's Motion, which he refers to as an affidavit, provide any reason to believe that the opposing parties have been given notice. *Frank M. Gargiulo & Son Inc. v. 1818 Mkt. St. Marathon Grill Associates, L.P.*, No. CV 23-1494, 2023 WL 12204485 (E.D. Pa. Apr. 27, 2023) ("[T]he TRO motion lacks specific facts in an affidavit or a verified complaint to clearly show that the TRO without notice is necessary, as opposed to, *e.g.*, a preliminary injunction with notice" (internal quotation marks omitted)).

While the notice requirement has not been met, this Court also notes that it is still not satisfied that Plaintiff has established that he is reasonably likely to prevail eventually in the litigation. "[A] sufficient degree of success for a strong showing exists if there is a reasonable chance or probability[ ] of winning." *Xie v. GUANHE Home essentials*, No. 2:25-CV-00265, 2025 WL 1039233, at *2 (W.D. Pa. Apr. 8, 2025) (quoting *Ramsay v. Nat'l Bd. of Med. Exam'rs*, 968 F.3d 251, 256 (3d Cir. 2020)). It is also not clear that the order Plaintiff seeks would prevent an immediate and irreparable harm. *Cont'l Group*, 614 F.2d at 359 ("The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury.'" (quoting *Ammond v. McGahn*, 532 F.2d 325, 329 (3d Cir. 1976)). While the Court is required to liberally construe Plaintiff's pleadings and submissions, it bears noting that his allegations and assertions continue to be conclusory and difficult to follow in his second TRO Motion, and Plaintiff continues to make no attempt to argue for his likelihood of success or for the emergent nature of the Complaint.

Accordingly, in view of the foregoing, this Court enters the following Order:

AND NOW, this 10th day of November, 2026, IT IS HEREBY ORDERED that for the foregoing reasons, Plaintiff's TRO Motion (Docket No. 22) is hereby DENIED. This case is hereby returned to Judge Dodge for further proceedings, and the undersigned may be removed as an assigned judge at this time.

*/s/ W. Scott Hardy*
United States District Judge

cc: Niare Lamar Brown
SCI Camp Hill
2500 Lisburn Road
Camp Hill, PA 17001